UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR14-207 DWF/TNL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 286 |
| v. | ) | 18 U.S.C. § 287 |
| | ) | 18 U.S.C. § 981 |
| CHRISTOPHER LINDSEY, | ) | 18 U.S.C. § 982 |
| | ) | 18 U.S.C. § 1028A |
| Defendant. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 1349 |
| | ) | 21 U.S.C. § 853 |
| | ) | 28 U.S.C. § 2461 |

THE UNITED STATES GRAND JURY CHARGES THAT:

**The Counterfeit Check Scheme**

1. From on or about at least October 2, 2002, through on or about December 11, 2013, the defendant, conspiring with and aiding and abetting others known and unknown to the grand jury, devised and participated in a scheme to defraud using counterfeit checks created with stolen and fraudulently-obtained bank account information.

2. At all times relevant to this indictment, the following financial institutions did business in the State of Minnesota and elsewhere and held deposits insured by the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund:

    a.    Wells Fargo Bank,

    b.    TCF Bank,


SCANNED
JUN 19 2014
U.S. DISTRICT COURT MPLS

    c.    Bremer Bank,

    d.    U.S. Bank,

    e.    Northeast Bank,

    f.    Spire Bank,

    g.    BMO Harris Bank,

    h.    American Bank,

    i.    Associated Bank,

    j.    1st National Bank of Bemidji,

    k.    Anchor Bank,

    l.    Voyager Bank,

    m.    1st National Bank,

    n.    Northstar Bank, and

    o.    Wakota Federal Credit Union

(hereinafter referred to as the "Financial Institutions").

3. At all times relevant to this indictment, defendant resided in the State of Minnesota and created counterfeit checks using victims' stolen bank account numbers, which were then used in a scheme to defraud.

4. As part of the scheme to defraud, defendant and others within the conspiracy negotiated the counterfeit checks at banks and businesses. In addition to negotiating some of the counterfeit checks himself, defendant, conspiring with and aiding and abetting others, recruited other individuals willing to negotiate the counterfeit checks.

5. Defendant and others presented the counterfeit checks at Financial Institutions and negotiated or deposited, or attempted to negotiate or deposit, the counterfeit checks, thereby obtaining money and funds from the Financial Institutions.

6. Defendant and others also negotiated counterfeit checks at businesses including Sam's Club, Walgreens, CVS, Holiday, and SuperAmerica, in the purchase of items including prepaid VISA gift cards, cartons of Newport cigarettes, and electronics.

7. At times relevant to this indictment, Walgreens and CVS utilized TeleCheck as a check processor. Accordingly, whenever a customer presented a check as payment at a Walgreens or CVS, the customer caused a wire communication to be sent from the retailer to TeleCheck via TeleCheck's servers in Chandler, Arizona, or Omaha, Nebraska. The transaction then went through a quick approval process whereby TeleCheck determined whether the retailer should accept the check as payment for the purchase. In the case of an approval, TeleCheck then transmitted a wire communication to the retailer indicating that the check should be accepted.

## COUNT 1
(Conspiracy to Commit Bank and Wire Fraud)

8. The grand jury re-alleges and incorporates paragraphs 1 through 7 as if fully set forth herein.

9. From on or about at least October 2, 2002, through on or about December 11, 2013, in the State and District of Minnesota, the defendant,

**CHRISTOPHER LINDSEY,**

did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the grand jury, to commit offenses against the United States, that is:

    a.     to knowingly execute and attempt to execute a scheme and artifice to defraud the Financial Institutions, and to obtain and attempt to obtain by means of material false and fraudulent pretenses, representations and promises, monies, funds, and property owned by and under the custody and control of the Financial Institutions, in violation of Title 18, United States Code, Section 1344; and

    b.     having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

10.     The purpose of the conspiracy was to create counterfeit checks using stolen bank account information; to recruit runners to conduct fraudulent transactions at financial institutions and businesses using the counterfeit checks; and to obtain money and merchandise through the negotiation of the counterfeit checks. Through this scheme,

defendant and others known and unknown to the grand jury intended to defraud the Financial Institutions and businesses.

## MANNER AND MEANS

11. The manner and means of the scheme and artifice to defraud included, among other things:

    a. Defendant, conspiring with and aided and abetted by others, obtained legitimate bank account information, including names and addresses of businesses and individuals, bank routing and account numbers, check numbers, and signatures, from a variety of sources, including from approximately 20,000 stolen checks that had already been negotiated as part of legitimate transactions.

    b. Defendant, conspiring with and aided and abetted by others, then used the information he obtained from the legitimate checks to produce counterfeit checks.

    c. Defendant, conspiring with and aided and abetted by others, created the counterfeit checks using a variety of tools, including but not limited to check stock, check-printing software, his home computer, and his printer.

    d. Defendant, conspiring with and aided and abetted by others, identified and solicited individuals who were willing to negotiate the counterfeit checks at banks and businesses. Defendant then used the information of those individuals, including their names and addresses, on the counterfeit checks so that they could negotiate the checks using their true identities.

      e.    Defendant provided the counterfeit checks to others, either directly or via other members of the conspiracy.

      f.    Defendant and others conducted fraudulent transactions at banks and businesses in the State of Minnesota using the counterfeit checks and thereby obtained money and merchandise.

12.    All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-13
(Bank Fraud)

13.    The grand jury re-alleges and incorporates paragraphs 1 through 12 as if fully set forth herein.

14.    On or about the dates set forth below, in the State and District of Minnesota and elsewhere, defendant,

**CHRISTOPHER LINDSEY,**

aided and abetted by others known and unknown to the grand jury, having devised the scheme and artifice to defraud the Financial Institutions, and to obtain and attempt to obtain the moneys, funds, and property owned by and under the custody and control of the Financial Institutions, by means of material false and fraudulent pretenses, representations and promises, did knowingly execute and attempt to execute the scheme and artifice as follows:

| Count | Date (on or about) | Financial Institution | Amount | Description |
|---|---|---|---|---|
| 2 | 6/27/2008 | US Bank | $775.21 | Attempted the negotiation of a counterfeit check for $775.21 drawing from the US Bank account of victims R.M. and D.M. and made payable to M.E. |
| 3 | 6/27/2008 | Bremer Bank | $880.21 | Caused the deposit of a counterfeit check for $880.21 appearing to draw on a Bremer Bank account of Open Business Systems and made payable to B.C. |
| 4 | 10/03/2012 | Wells Fargo Bank | $910.54 | Caused the deposit at Wells Fargo Bank of a counterfeit check for $910.54 appearing to draw on a Northeast Bank account belonging to "Timely Temporaies" and made payable to M.W. |
| 5 | 11/20/2012 | BMO Harris Bank | $897.54 | Attempted the negotiation of a counterfeit check for $897.54 appearing to draw on a BMO Harris Bank account belonging to Northland Restaurant Group and made payable to A.T. |
| 6 | 11/20/2012 | BMO Harris Bank | $898.54 | Attempted the negotiation of a counterfeit check for $898.54 appearing to draw on a BMO Harris Bank account belonging to Northland Restaurant Group and made payable to T.J. |
| 7 | 11/23/2012 | Wells Fargo Bank | $1,643.09 | Caused the negotiation at Wells Fargo Bank of a counterfeit check for $1,643.09 appearing to draw on a BMO Harris Bank account belonging to Northland Restaurant Group and made payable to M.N. |
| 8 | 11/24/2012 | Wells Fargo Bank | $3,250.09 | Caused the negotiation at Wells Fargo Bank of a counterfeit check for $3,250.09 appearing to draw on a BMO Harris Bank account belonging to Northland Restaurant Group and made payable to M.N. |

| Count | Date (on or about) | Financial Institution | Amount | Description |
|---|---|---|---|---|
| 9 | 12/6/2012 | Wells Fargo Bank | $4,889.09 | Attempted the deposit of a counterfeit check for $4,889.09 appearing to draw on an American Bank account belonging to Neupak, Inc. and made payable to N.A. |
| 10 | 12/18/2012 | Wells Fargo Bank | $4,000.00 | Attempted the deposit of a counterfeit check for $4,000.00 appearing to draw on the Wells Fargo Bank account of Park Nicollet Foundation and made payable to E.H. |
| 11 | 7/27/2013 | Wells Fargo Bank | $476.72 | Caused the negotiation of a counterfeit check for $476.72 drawing on the Wells Fargo Bank account of victim T.M. but made to appear as a personal check from an account belonging to E.C., used in the purchase of merchandise from Walgreens |
| 12 | 7/27/2013 | Wells Fargo Bank | $324.49 | Caused the negotiation of a counterfeit check for $324.49 drawing on the Wells Fargo Bank account of victim G.L. but made to appear as a personal check from an account belonging to D.S., used in the purchase of merchandise from CVS |
| 13 | 7/28/2013 | Wells Fargo Bank | $329.84 | Caused the negotiation of a counterfeit check for $329.84 drawing on the Wells Fargo Bank account of victim K.D. but made to appear as a personal check from an account belonging to Q.C., used in the purchase of merchandise from Walgreens |

15. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 14-16
(Wire Fraud)

16. The grand jury re-alleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

CASE 0:14-cr-00207-DWF-TNL   Document 1   Filed 06/19/14   Page 9 of 14
U.S. v. Christopher Lindsey

17. On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**CHRISTOPHER LINDSEY,**

aiding and abetting and being aided and abetted by others known and unknown to the grand jury, having devised the scheme and artifice to defraud, and to obtain and attempt to obtain money or property by means of material false and fraudulent pretenses, representations and promises, did execute and attempt to execute the scheme and artifice by knowingly transmitting and causing to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds, as follows:

| Count | Date (on or about) | Wire |
|---|---|---|
| 14 | 7/27/2013 | Caused a wire from Minnesota to Chandler, Arizona, or Omaha, Nebraska, in the negotiation of the $476.72 counterfeit check presented at Walgreens by E.C. drawing on the Wells Fargo Bank account of victim T.M. |
| 15 | 7/27/2013 | Caused a wire from Minnesota to Chandler, Arizona, or Omaha, Nebraska, in the negotiation of the $324.49 counterfeit check presented at CVS by D.S. drawing on the Wells Fargo Bank account of victim G.L. |
| 16 | 7/28/2013 | Caused a wire from Minnesota to Chandler, Arizona, or Omaha, Nebraska, in the negotiation of the $329.84 counterfeit check presented at Walgreens by Q.C. drawing on the Wells Fargo Bank account of victim K.D. |

18. All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 17-20
(Aggravated Identity Theft)

19.   The grand jury re-alleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

20.   On or about the dates set forth below, in the State and District of Minnesota, defendant,

**CHRISTOPHER LINDSEY,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as alleged in each count below, during and in relation to the commission of a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, Bank Fraud and Wire Fraud:

| Count | Date (on or about) | Description |
|---|---|---|
| 17 | 12/18/2012 | Unlawfully used a means of identification, specifically the name of victim C.G., during and in relation to the commission of bank fraud, as alleged in Count 10 |
| 18 | 7/27/2013 | Unlawfully used a means of identification, specifically the bank account number of victim T.M., during and in relation to the commission of bank and wire fraud, as alleged in Counts 11 and 14 |
| 19 | 7/27/2013 | Unlawfully used a means of identification, specifically the bank account number of victim G.L., during and in relation to the commission of bank and wire fraud, as alleged in Counts 12 and 15 |
| 20 | 7/28/2013 | Unlawfully used a means of identification, specifically the bank account number of victim K.D., during and in relation to the commission of bank and wire fraud, as alleged in Counts 13 and 16 |

21.   All in violation of Title 18, United States Code, Sections 1028A and 2.

**The Tax Return Scheme**

## COUNT 21
(Conspiracy to Defraud the United States)

22. The grand jury re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

23. From at least in or about January 2011, and continuing through on or about at least April 15, 2013, in the State and District of Minnesota, the defendant,

**CHRISTOPHER LINDSEY,**

knowingly entered into an agreement, combination, and conspiracy with others known and unknown to the grand jury, to defraud the United States by obtaining and aiding others to obtain the payment and allowance of false, fictitious, and fraudulent claims, on behalf of themselves and others, by submitting false claims for income tax refunds with the United States Department of the Treasury through the Internal Revenue Service ("IRS").

### PURPOSE OF THE CONSPIRACY

24. The purpose of the conspiracy was to obtain money, in the form of fraudulent income tax refunds, by filing and causing the filing of income tax returns that reported false or inflated income, false withholdings, and other false items.

### MANNER AND MEANS OF THE CONSPIRACY

25. Lindsey and others recruited individuals willing to file false federal income tax returns using false and fraudulent Forms W-2 created by Lindsey.

26. On the false and fraudulent Forms W-2, Lindsey combined the correct information of individuals willing to submit false returns, for example, names, dates of

birth, and social security numbers, with false information regarding employment, earnings, and withholdings. In the Forms W-2 created by Lindsey, he used a variety of employers but consistently reported false wages of $15,746; false federal tax withholding of $688; false social security tax withholding of $661; false medicare tax withholding of $228; and false state income tax withholding of $733.

27. Lindsey and others then provided the false and fraudulent Forms W-2 to the tax filers, who then submitted the false and fraudulent Forms W-2 to tax preparers for the preparation and submission of false federal income tax returns. In so doing, Lindsey and others caused the preparation and filing of false federal income tax returns for the purpose of qualifying for fraudulent income tax refunds.

28. By causing the filing of the false federal income tax returns, Lindsey and others caused the IRS to issue fraudulent income tax refunds to the tax filers recruited by Lindsey and others.

29. Lindsey and others caused the refunds to be deposited onto debit cards, which Lindsey would then obtain from others within the conspiracy. Lindsey would then use the debit cards at Automated Teller Machines to make cash withdrawals. After withdrawing a portion of the cash, Lindsey would return the debit card to the tax filers and others.

30. The conspiracy involved the submission of more than 40 fraudulent claims seeking refunds totaling more than $270,000.

31. All in violation of Title 18, United States Code, Section 286.

## COUNTS 22-23
(False Claims for Refunds)

32. The grand jury re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

33. On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**CHRISTOPHER LINDSEY,**

aiding and abetting and being aided and abetted by others, made and presented and caused to be made and presented to the Internal Revenue Service, an agency of the United States Department of the Treasury, claims against the United States for payment of refunds of taxes, which he then and there knew to be false, fictitious, and fraudulent. The defendant made and caused the claims to be made by presenting and causing to be presented to said agency, U.S. Individual Income Tax Returns, Form 1040A, for the individuals and amounts described below, knowing that the claims were false, fictitious, and fraudulent in that the named individual was not entitled to the refund that was being requested:

| Count | Tax Year | Date Filed (on or about) | Taxpayer | Refund Amount Claimed ($) |
|-------|----------|--------------------------|----------|---------------------------|
| 22    | 2012     | 2/18/2013                | S.M.     | $4,857.00                 |
| 23    | 2012     | 2/18/2013                | C.M.     | $7,836.00                 |

34. All in violation of Title 18, United States Code, Sections 287 and 2.

## FORFEITURE ALLEGATIONS

35. Counts 1-16 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title

13

18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

36. As the result of the offenses alleged in Counts 1-16 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations.

37. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

| _____ | _____ |
|---|---|
| UNITED STATES ATTORNEY | FOREPERSON |