**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Criminal No. 14-207 (DWF/TNL)
Civil No. 17-1178 (DWF)

Respondent-Plaintiff,

v.

**MEMORANDUM**
**OPINION AND ORDER**

Christopher Lindsey,

Petitioner-Defendant.

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Christopher Lindsey's ("Petitioner-Defendant") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. No. 76.)  The United States of America (the "Government") opposes Petitioner-Defendant's petition.  (Doc. No. 79.)

Petitioner-Defendant alleges that his counsel was ineffective, asserting three grounds for relief.  First, he asserts that his trial counsel was ineffective for failing to object to the loss enhancement recommended in the Presentence Investigation Report ("PSR") (Memo. in Support, Doc. No. 77 at 2-3).  Secondly, Petitioner-Defendant asserts that his counsel was ineffective for failure to object to the enhancement for more than fifty victims.  *Id.* at 3.  Thirdly, Petitioner-Defendant contends that his counsel was ineffective for failing to investigate the Government's loss figures, which he now asserts resulted in this Court holding him liable for losses of $1,358, 938.17.  For the reasons that the Court discusses below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

On August 26, 2014, Petitioner-Defendant entered pleas of guilty to three counts of the twenty-three-count indictment, pursuant to a plea agreement: namely, Count 1, conspiracy to commit bank and wire fraud; Count 17, aggravated identity theft; and, Count 21, conspiracy to defraud the United States. (*Id.* ¶ 2.)

In the plea agreement, the parties stipulated to a total offense level of thirty as to Counts 1 and 21. (Plea Agreement, Doc. No. 34, ¶ 6.) This included a base offense level of seven, plus the following enhancements and a three-level reduction for acceptance of responsibility:

| | |
|---|---|
| § 2B1.1(b)(1)(G), loss more than $1,000,000 | +16 |
| § 2B1.1(b)(2)(A), more than 50 victims but less than 250 | +4 |
| § 2B1.1(b)(10), sophisticated means | +2 |
| § 3B1.1(a), organizer or leader | +4 |

(*Id.*) As to Count 17, the parties stipulated that the guideline term of imprisonment is a consecutive term of twenty-four months, as mandated by statute. (*Id.*) In return, the Government agreed to dismiss Counts 2 through 16, 18 through 20, 22, and 23. (PSR ¶ 140.) The guideline calculation set forth in the PSR, and adopted by this Court, did not differ from the plea agreement except that the PSR calculated a lesser criminal history category, namely, category V, instead of category VI, as contemplated in the plea agreement. (*Id.* ¶¶ 51-69, 93.) Petitioner-Defendant's counsel made no objections to the PSR.

On April 13, 2015, this Court sentenced Petitioner-Defendant to a total term of imprisonment of 180 months, consisting of 156 months on Count 1, and 120 months on Count 21, to be served concurrently; as well as 24 months on Count 17, to be served consecutive to the sentences imposed on Counts 1 and 21. (Sentencing Judgment, Doc. No. 44.) Petitioner-Defendant appealed his sentence, which the Eighth Circuit dismissed based upon his valid waiver of appeal. (Doc. No. 63.)

In his petition before the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Petitioner-Defendant asserts three grounds for relief. First, he asserts that his trial counsel was ineffective for failure to object to the loss enhancement recommended in the PSR. (Memo. in Support, Doc. No. 77 at 2-3.) Secondly, Petitioner-Defendant asserts that his trial counsel was ineffective for failure to object to the enhancement for more than fifty victims. (*Id.* at 3.) Thirdly, he contends his trial counsel was ineffective for failing to investigate the Government's loss figures, which he contends resulted in this Court holding him liable for losses of $1,358,938.17. (*Id.* at 5.)

**DISCUSSION**

**I.      Section 2255 Legal Standard**

As the Government has observed, Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

[T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, contrary to a number of Petitioner-Defendant's assertions which will be addressed below, § 2255 does not encompass all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

## II.    Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant

must establish that the deficient performance actually prejudiced the defense. *Id.*

To establish that there was a deficient performance, the defendant must show that

the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is

a strong presumption "that counsel . . . . rendered adequate assistance." *Id.* A defendant

must prove, then, with "a probability sufficient to undermine confidence in the outcome,"

that "but for the counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 694.

### A. Failure to object to the sixteen-level loss enhancement

As observed by the Government, § 2B1.1(b)(1) provides for an enhancement to

offense level based on the loss amount. Application note 3 in the commentary of the

Guidelines defines loss as the greater of actual or intended loss, meaning that if there are

different figures for intended and actual loss, the total loss figure used in determining the

enhancement is whichever figure is greater. Actual loss is defined as "the reasonably

foreseeable pecuniary harm that resulted from the offense"; whereas, intended loss

"means the pecuniary harm that the defendant purposely sought to inflict; and [] includes

intended pecuniary harm that would have been impossible or unlikely to occur."

U.S.S.G. § 2B1.1, cmt. n.3(A)(I-(ii) (2014). Section 2B1.1(b)(1)(I) of the 2014

guidelines, which were the guidelines in effect at the time Petitioner-Defendant was

sentenced, provides for a sixteen-level enhancement if the loss is more than $1 million,

but less than $2,500,000. U.S.S.G. § 2B1.1(b)(1)(I) (2014).

Significantly, during the change of plea hearing, Petitioner-Defendant admitted that in carrying out the conduct underlying Counts 1 and 17, he caused or attempted to cause losses to federally insured financial institutions of $1,088,938.17. (Plea Agreement, ¶ 2(c).) As to Count 21, Petitioner-Defendant agreed that he intended to cause losses of more than $270,000. Based on these amounts, Petitioner-Defendant stipulated to a sixteen-level enhancement for loss. (Plea Agreement ¶ 6(c).) The record before this Court, in addition to the plea agreement, clearly establishes that trial counsel's conduct was reasonable in substantial part because any objection then or now to this enhancement for loss, even if it had not been part of the plea agreement, would have been without merit. Moreover, as observed by the Government, if there had been an objection to the loss enhancement, that would have constituted a breach of plea agreement. Consequently, based on the record before this Court, Petitioner-Defendant's allegation of ineffective assistance of counsel, on the basis of this failure to challenge this enhancement is without merit.

B.      **Failure to object to enhancement for more than fifty victims**

Section 2B1.1(b)(2) of the 2014 version of the guidelines provided for a four-level enhancement if the offense involved fifty or more victims. Victim is defined as "any person who sustained any part of the actual loss determined under subsection (b)(1)." U.S.S.G. § 2B1.1 cmt. n.1 (2014). "Person" is defined to include individuals, corporations, companies, etc. *Id.* The 2014 version of the guidelines also provided that in a case involving means of identification, individuals who did not sustain a pecuniary

6

loss but "whose means of identification was used unlawfully or without authority" are also considered victims for purposes of determining the enhancement pursuant to § 2B1.1(b)(2). U.S.S.G. § 2B1.1 cmt. n.4(E) (2014). It is true, as acknowledged by the Government, that § 2B1.1 of the guidelines was significantly amended in 2015. However, those amendments did not go into effect until November 1, 2015. Consequently, the Court sentenced Petitioner-Defendant using the 2014 version of the guidelines which were in effect on the date Petitioner-Defendant was sentenced.

Petitioner-Defendant stipulated to the four-level enhancement for more than fifty victims under the terms of his plea agreement (Plea Agreement, ¶ 6(c)). The PSR specifically stated that at least sixteen different financial institutions suffered actual financial losses and that approximately one hundred different personal identifiers were used unlawfully or without authority. (PSR ¶¶ 40-41.) Defense counsel did not object to these facts, which were part of the plea agreement, or to the corresponding enhancement in the PSR. As the Court observed above, with the loss enhancement, if an objection had been made, it would have not only been deemed a breach of the plea agreement, but without merit on the facts before this Court. Consequently, on the record before this Court, Petitioner-Defendant's counsel was not ineffective in any way on this issue.

**C.     Trial counsel's failure to investigate the loss schedule**

Petitioner-Defendant asserts in this allegation that his trial counsel failed to investigate the loss schedules used by the Government in support of the loss figures set forth in the plea agreement. Without any specificity, Petitioner-Defendant asserts that the

schedules contained double counting.  Petitioner-Defendant infers, if not explicitly

asserts, that had his counsel investigated the loss schedule, he would have discovered this

alleged double counting, which, in turn, would have led to a rejection of the agreed upon

sixteen-level enhancement.  In so doing, Petitioner-Defendant asserts that he suffered

prejudice because of this alleged failure by his counsel.

Close scrutiny of the record in this case clearly shows that there was no ineffective

assistance of counsel by Petitioner-Defendant's trial counsel and he has failed to show

that he was prejudiced in any way.

Ironically, even if Petitioner-Defendant was able to show that he could have

successfully challenged the sixteen-level loss enhancement, it still would have been his

burden to show that a successful challenge to the loss enhancement would have resulted

in a lesser sentence.  The fact is that he cannot overcome this hurdle, given the sentence

imposed by this Court.  First of all, Petitioner-Defendant admits to actual losses of

$554,300.53 (Memo. in Support, Doc. No. 77 at 2.)  Even if the Court had used the actual

loss figure as a total loss figure, which would have been an incorrect application of the

guidelines, Petitioner-Defendant would nonetheless still have been subject to a

fourteen-level enhancement, resulting in a guideline range of 130 to 162 months on

Counts 1 and 21.  Therefore, his sentence of 156 months on Count 1 would still have been

within the advisory guideline range.

Significantly, as the Court stated to Petitioner-Defendant at the sentencing hearing,

(Sentencing Tr., Doc. No. 52 at 21), the Court would have nonetheless ended up at

156 months on Counts 1 and 21 pursuant to the § 3553(a) factors, even if the guidelines in effect today would been as low as 110 to 137 months.  In other words, the Court would have reached the same sentence for a total of 180 months.

## III.    Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims.  A § 2255 motion can be dismissed without a hearing when:  (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## IV.    Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).

The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.  28 U.S.C. § 2253(c)(2).

## CONCLUSION

The record before this Court entirely forecloses any notion or finding by this Court that Petitioner-Defendant received ineffective assistance of counsel under *Strickland*.  In fact, not only was there not any actual prejudice to Petitioner-Defendant, but, based upon the record before this Court, the Court cannot envision any evidence that it could have received that would have affected the sentence in this case.

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.     Petitioner-Defendant Christopher Lindsey's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 76) is respectfully **DENIED**.

2.     No evidentiary hearing is required in this matter.

3.     No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  August 14, 2017          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge