# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-207 (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Christopher Lindsey, | |
| Defendant. | |

This matter is before the Court on Defendant Christopher Lindsey's ("Lindsey") *pro se* Request for Reconsideration (Doc. No. 98 ("Request")) of the Court's June 15, 2020 Order denying his motion for compassionate release in light of the COVID-19 pandemic (Doc. No. 97 ("Denial")).[1] Lindsey now alleges that release is appropriate because FPC Duluth has stopped testing individuals for COVID-19 because it lacks the space to quarantine individuals who test positive. (Request at 3.) He also contends that his medical conditions place him at "particularized risk and susceptible to contracting COVID at [a] highly infected facility."[2] (*Id.* at 4.) The Government opposes Lindsey's Request. (Doc. No. 102.)

---

[1] The Court found that "Lindsey's medical issues [sleep apnea and hypertension] are insufficiently extraordinary or compelling to warrant immediate release" and that "Lindsey's circumstances do not meet the demanding standard for compassionate release." (Denial at 5.)

[2] Lindsey now includes his obesity as a medical condition that necessitates release. (Request at 2; *See also* Doc. No. 98-1 at 1, 2, 5.)

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."[3] *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

The Court is mindful of Lindsey's concern after an outbreak of the virus at FPC Duluth. Indeed, nearly 200 inmates and 18 staff at this facility have recovered from COVID-19.[4] Federal Bureau of Prisons, COVID-19: Coronavirus,

---

[3] Although motions for reconsideration are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

[4] When the Court issued its Denial, there was no reported instance of COVID-19 at FPC Duluth. (Denial at 6.) Since that time, more than 2/3 of its inmate population has tested positive for the virus. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Dec. 29, 2020).

The Health Services Administrator at FPC Duluth, Bryna Ekroot ("Ekroot") attributes the number of positive cases to an outbreak in September 2020 during which 18 inmates initially contracted the virus. (Ekroot Decl. ¶¶ 22-24.) Ekroot asserts that while FPC Duluth had policies and procedures in place to keep the virus out, a newly arrived inmate who tested negative for COVID-19 after quarantining for 14 days tested positive approximately 10 days later. (*Id.*)

After the initial outbreak, Ekroot asserts that inmates who observed others test positive without complication and minimal symptoms became "increasingly less concerned with contracting the virus" and less willing to comply with "sanitation, social distancing, and other recommendations" to mitigate its spread. (*Id.* ¶ 7.) Ekroot states that "some inmates are admitting they have had mild Covid-like symptoms, but are

*https://www.bop.gov/coronavirus/* (last visited Dec. 29, 2020).  Notwithstanding, the record reflects that FPC Duluth has implemented a number of policies and procedures to mitigate the spread of the virus.  (*See generally* Doc. No. 102-1 ("Ekroot Decl.")) (detailing policies and procedures recommended by the Centers for Disease Control to prevent and mitigate the spread of COVID-19.)  These include "diligent testing and isolation/quarantine strategies to prevent the spread of COVID-19 within the institution." (*Id.* at ¶ 28.)  At this time, there are just 2 inmates and 1 staff with active cases of COVID-19 and no person has died from the virus.  Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Dec. 29, 2020).

It is truly unfortunate that an outbreak of COVID-19 occurred at FPC Duluth; however, the Court finds no support to Lindsey's allegations that FPC Duluth stopped testing inmates for the virus to avoid quarantining, or that the facility's policies and procedures are ineffective with proper enforcement.  It is promising that the virus currently appears to be contained.

Moreover, while the Court recognizes obesity as a serious medical condition that increases susceptibility to COVID-19 and understands Lindsey's particularized concern in light of his other medical conditions, the Court still finds that no medical condition,

---

hiding them, or not reporting them and stating they don't care if they give it to others," and that staff are routinely reminding inmates to put their masks on.  (*Id.*)

The Court recognizes that much like the rest of society, 100% compliance is difficult to achieve.  However, the communal setting of a prison necessitates a special responsibility to keep inmates safe.  FPC Duluth's knowing acquiescence that some inmates are hiding symptoms and failing to comply with masks and social distancing is unacceptable.

3

alone or in combination, substantially diminishes Lindsey's ability to provide self-care at his facility. *See* U.S.S.G. § 1B1., cmt. n.1(a)(ii) (defining "extraordinary and compelling reasons" to warrant release as "medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover").

Because FPC Duluth has instituted policies and procedures to keep prisoners safe during this pandemic and because the addition of Lindsey's overweight BMI does not alter the Court's analysis with respect to his ability to provide self-care while in prison, the Court declines to reconsider its Denial. *See United States v. McKee,* No. 18-219 (PAM), 2020 WL 5269969, at *2 (D. Minn. Sept. 4, 2020).

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Christopher Lindsey's Request for Reconsideration of the Court's June 15, 2020 Order denying his motion for compassionate release (Doc. No. [98]) is respectfully **DENIED**.

Date:  December 30, 2020                              s/Donovan W. Frank
                                                      DONOVAN W. FRANK
                                                      United States District Judge